# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Donovan and Anna Dyrdal,

        Petitioners,

             Civ. No. 10-1970 (RHK/RLE)
             **ORDER**

v.

Enbridge (U.S.), Inc.,

        Respondent.

   This matter is before the Court *sua sponte*.

   This is an action seeking partial modification, and then confirmation, of an arbitration award. In 2004, Petitioners Donovan and Anna Dyrdal, farmland owners in Pennington County, Minnesota, commenced arbitration proceedings against Respondent Enbridge (U.S.), Inc. ("Enbridge"), a petroleum pipeline company, claiming that Enbridge's pipelines were damaging their crops. The Dyrdals sought arbitration pursuant to a January 17, 1950 agreement between Enbridge's predecessor and the previous owners of the farmland, which provided that pipelines would be buried such that "they will not interfere with the ordinary cultivation" of the land. (Petition Ex. A.) The pipeline company agreed to pay for "any damage to crops, fences and timber which may arise from laying, maintaining, operating or removing said lines," and the parties agreed to arbitrate any dispute as to the amount of such damages. (Id.)

   A three-arbitrator panel was selected, and on November 22, 2004, the Dyrdals filed a Statement of Claim with the panel seeking $102,958 in crop damage and

"*additional* damage to [their] soil and land, totaling more than $25,000." (Id. Ex. G (emphasis added).) The panel ruled, however, that any damages other than for "crops, fences and timber" were outside the scope of the arbitration clause and beyond the panel's jurisdiction. Accordingly, the Dyrdals were ordered to file a new Statement of Claim listing only damages falling within these three categories. (Id. Ex. I.) The Dyrdals then filed an Amended Statement of Claim removing any claims for "additional" damages; yet, the revised claim sought *more* than the initial claim ($105,976), plus $40,286 in accrued interest on that amount. (Id. Ex. J.)

The matter proceeded to a hearing before the panel from November 30 to December 3, 2009.[1] On February 4, 2010, the panel awarded the Dyrdals $40,000. (Id. Ex. L.) The award is one paragraph long and provides no reasoning or other basis for its result.

The Dyrdals then moved the panel to clarify that the award concerned crop damages only and excluded the "additional" damages they had sought in their initial Statement of Claim. The panel denied that Motion by Order dated March 24, 2010, stating that the award "requires no such clarification." (Id. Ex. N.) In its Order, however, the panel did, in fact, clarify the scope of its award. Although it recognized that its jurisdiction extended only to damages for crops, fences, and timber, the panel expressly noted that the Dyrdals had proffered at the arbitration hearing evidence of their "additional" damages (which concerned *inter alia* soil compaction, routing, ditch construction, and other items), all of which "allegedly manifested in crop damage." (Id.)

---

[1] It is unclear why nearly six years passed from the arbitration demand to the hearing.

2

Hence, the panel stated that its award "contemplated all matters underlying and incidental to ultimate damage to crops[,] which damage was reflected in the dollar amounts of crop loss sought by [the] Dyrdals and granted in part and denied in part by the . . . award." (Id.) In other words, the panel appears to have considered in its award the "additional" items for which the Dyrdals initially had sought damages in their November 2004 Statement of Claim.

On May 5, 2010, the Dyrdals filed the instant Petition under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, seeking "correction" of the award (1) to reflect that it does not include any "additional" damages, which were ostensibly beyond the panel's jurisdiction, and (2) to include pre-arbitration interest of $8,666, which the panel purportedly failed to award. So "corrected," the Dyrdals ask the Court to confirm the award and enter judgment in their favor for $48,666. Enbridge has not yet responded to the Petition.[2]

Before Enbridge responds, however, the Court finds it necessary to raise a jurisdictional concern. Specifically, the Dyrdals have purported to invoke this Court's subject-matter jurisdiction under the FAA (Petition ¶ 1), but it has long been recognized that the FAA "does not create any independent federal-question jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983); accord, e.g., Advance Am. Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008). Stated differently, "even when a petition is brought under the Federal Arbitration Act[,]"

---

[2] The Court has been informed that Enbridge will be represented in this matter by the same counsel who represented it in the underlying arbitration: Stephanie A. Ball, Esq., of Fryberger, Buchanan, Smith & Frederick, P.A.

". . . a petitioner seeking to confirm or vacate an arbitration award in federal court *must establish an independent basis for federal jurisdiction*." Carter v. Health Net of Cal., Inc., 374 F.3d 830, 833 (9th Cir. 2004) (emphasis added). Hence, the Petition can be entertained here only if (1) it presents a federal question or (2) the requirements for diversity jurisdiction have been met. See, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).

No federal question has been asserted here, and thus only diversity jurisdiction can save the Petition from dismissal. But there are serious questions whether diversity jurisdiction exists.[3] At the outset, the Court notes that the Petition pleads the Dyrdals' *residency*, not their *citizenship*. See, e.g., Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (plaintiff failed to establish diversity where complaint alleged residency rather than citizenship). Similarly, the Dyrdals have alleged that Enbridge's "address" is in Superior, Wisconsin, but they have not specified whether that is its principal place of business. "In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's . . . principal place of business." Id.

While the Dyrdals may be able to rectify these shortcomings by amending the Petition, see 28 U.S.C. § 1653, another potential defect is not so easily overcome.

---

[3] Notably, the Dyrdals have not cited the diversity statute in their Petition, and a "pleading that states a claim for relief *must contain* a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1) (emphasis added). But as this Court has recognized, "the fact that a complaint fails to cite a specific federal statute is not dispositive of the jurisdictional inquiry. Rather, the question is whether the complaint alleges sufficient *facts*" to support the existence of jurisdiction. Friederichs v. Gorz, 624 F. Supp. 2d 1058, 1062 (D. Minn. 2009) (Kyle, J.) (emphasis added) (citations omitted).

Diversity jurisdiction requires the amount "in controversy" to exceed $75,000. 28 U.S.C. § 1332(a). Here, the Petition does not appear to clear that hurdle. Indeed, the amount of the arbitration award that the Petition seeks to confirm is $40,000, and several courts have held that the amount in controversy in an action seeking to confirm (or vacate) an arbitration award is the amount of the award itself. See, e.g., Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997); Ford v. Hamilton Invs., Inc., 29 F.3d 255, 260 (6th Cir. 1994); Mannesmann Dematic Corp. v. Phillips, Getschow Co., No. 3:00-CV-2324, 2001 WL 282796, at *2 (N.D. Tex. Mar. 16, 2001).[4]

It is possible that two other items should be included when calculating the amount in controversy. First, the Petition asks the Court to "correct" the award to exclude from its scope the "additional" damages initially sought in arbitration – that is, the Dyrdals want to carve out such damages from the award (presumably to attempt to recover them later). The value of the "additional" damages, therefore, may properly be considered part of the amount in controversy. See Mass. State Pharm. Ass'n v. Fed. Prescription Serv., Inc., 431 F.2d 130, 132 (8th Cir. 1970). Second, the Petition also seeks $8,666 in pre-arbitration interest.

Yet, the Dyrdals averred in the arbitration proceeding that their "additional" damages totaled only $26,000. (See Petition Ex. M at 2.) Hence, assuming *arguendo* that *both* the "additional" damages *and* pre-arbitration interest should be added to the

---

[4] This rule is not universally followed; other courts have focused on the amount *demanded* in the underlying arbitration rather than the amount of the award. See, e.g., Karsner v. Lothian, 532 F.3d 876, 882-84 (D.C. Cir. 2008) (discussing varying approaches and rejecting "award" approach in favor of "demand" approach). The Eighth Circuit has not yet opined on this issue.

5

$40,000 arbitration award when calculating the amount in controversy,[5] the total still would not reach the $75,000 threshold for diversity.

For these reasons, the Court harbors serious doubts whether it enjoys subject-matter jurisdiction over the Dyrdals' Petition. It will not decide that issue without additional input (*i.e.*, briefing) from the parties, however. This input inevitably will cost the parties time and, more importantly, money. Given the amount at issue in this case, however, the Court believes the parties would be better served devoting their efforts to attempting to resolve this case by settlement, before launching into protracted and expensive litigation.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that this matter is **REFERRED** to Chief Magistrate Judge Erickson to conduct an expedited settlement conference. The Court strongly urges the parties to resolve this matter at that conference (if not sooner). In the absence of a settlement, the Court intends to hear argument on the Petition as scheduled on July 8, 2010, and the parties should complete briefing on the Petition in accordance with the Court's Local Rules.

Date: May 13, 2010
s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[5] The latter is a dubious proposition. See 28 U.S.C. § 1332(a) (amount in controversy must "exceed[] the sum or value of $75,000, *exclusive of interest and costs*") (emphasis added).