# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Donovan and Anna Dyrdal,

                        Petitioners,

                                                      Civ. No. 10-1970 (RHK/RLE)
                                                      **ORDER**

v.

Enbridge (U.S.), Inc.,

                        Respondent.

---

      This matter is before the Court *sua sponte*. Petitioners Donovan and Anna Dyrdal commenced this action in May 2010 against Respondent Enbridge (U.S.), Inc. ("Enbridge"), seeking modification, and then confirmation, of an arbitration award. A hearing on the Petition is currently scheduled for July 8, 2010.

      The sole basis for jurisdiction alleged in the Petition was diversity of citizenship. By Order dated May 13, 2010 (Doc. No. 6), the Court noted its concerns about subject-matter jurisdiction, insofar as the arbitration award in question is only for $40,000, far below the threshold for diversity jurisdiction. Before ordering the parties to expend time and money briefing the jurisdictional issue, however, the Court thought it best to afford them an opportunity to settle this case. Accordingly, it ordered them to participate in an expedited settlement conference before Chief Magistrate Judge Erickson.

      Judge Erickson conducted the settlement conference yesterday, and unfortunately his efforts proved unsuccessful. Nevertheless, the Court is informed that the parties have agreed to mediate their dispute sometime in the next two weeks. The Court believes, in

order to facilitate those efforts, that Enbridge should not be required to respond to the Petition until after mediation has run its course.

In addition, although the Dyrdals have now amended their Petition to assert a federal claim under the Hazardous Liquid Pipeline Safety Act, 49 U.S.C. § 60101 *et seq.*, Enbridge disputes that jurisdiction exists under that statute. (See Doc. No. 15.) Accordingly, and in light of the Court's previously expressed concerns regarding diversity jurisdiction, the "threshold question" of subject-matter jurisdiction must be resolved before the Court proceeds to the merits. E.g., Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007) (citation omitted). For this reason, the Court advises the parties that if their mediation efforts prove fruitless, it will require them to fully brief the jurisdictional issue before requiring Enbridge to respond to the Petition or holding a hearing on the same.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the hearing on the Dyrdals' Petition, currently scheduled for July 8, 2010, is **CANCELED**, and briefing on the Petition is **STAYED** pending further Order of the Court. The parties shall advise the Court whether this case has been settled as soon as practicable after mediation has concluded.

Date: June 15, 2010                               s/Richard H. Kyle
                                                                 RICHARD H. KYLE
                                                                 United States District Judge